AO 91 (Rev. 11/11) Criminal Complaint

LODGED
CLERK, U.S. DISTRICT COURT
09/05/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
09/05/25
CENTRAL DISTRICT OF CALIFORNIA
BY: KC DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> JOSEPH BLANDON-SAAVEDRA, <br> *Defendant(s)* | Case No. 5:25-mj-00561 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **September 4, 2025** in the county of **San Bernardino** in the **Central** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1), (b) | Assaulting, Resisting, or Impeding a Federal Officer Using a Dangerous or Deadly Weapon |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

/s/
*Complainant's signature*

HSI Special Agent, Julius Garcia
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: September 5, 2025

*Judge's signature*

City and state: Riverside, CA

Honorable Sheri Pym, U.S. Magistrate Judge
*Printed name and title*

AUSA: Courtney N. Williams (x1473)

I, Julius Garcia, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against Joseph Blandon-Saavedra ("BLANDON") for a violation of 18 U.S.C. § 111(a)(1), (b): Assaulting, Resisting, or Impeding a Federal Officer Using a Dangerous or Deadly Weapon.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent with Homeland Security Investigations ("HSI") and have been employed as a HSI Special Agent since July 2011. I am currently assigned to the HSI Assistant Special Agent in Charge Office in Riverside, California, where I have been assigned to the HSI Riverside Financial Investigations Group for the past five years. I graduated from the Federal Law Enforcement Training Center in Glynco, Georgia. My training there consisted of a 13-week Criminal Investigator Training Program and a 13-week Immigration

and Customs Enforcement Special Agent Training Program. I also received specialized training in money laundering, immigration fraud, marriage fraud, human trafficking, asset forfeiture, and importation and smuggling of narcotics. Before joining HSI, I was employed as a Special Agent with the Internal Revenue Service – Investigations for ten years.

4. Throughout my career, I have participated in numerous investigations and have conducted or assisted in the arrests of numerous subjects and conducted interviews with victims, witnesses, suspects, and informants. I have participated in several static and mobile surveillance activities and have assisted in the execution of search warrants. I am familiar with the tactics used by defendants and criminal organizations to smuggle narcotics, evade detection, assault law enforcement officers, and obstruct investigations.

### III. STATEMENT OF PROBABLE CAUSE

5. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

6. On September 4, 2025, two Immigration and Customs Enforcement, Enforcement and Removal Operations ("ERO") Officers and three HSI Special Agents (the "Enforcement Team") were conducting a planned immigration enforcement operation in San Bernardino, California, within the Central District of California.

7. Members of the Enforcement Team were clearly identifiable as federal officers, wearing vests and clothing

marked with "POLICE," "ERO," and/or "HSI" insignia. They were also operating unmarked government owned vehicles outfitted with police equipment, including red and blue lights and sirens.

8. BLANDON was the target of the operation, and at approximately 7:30 a.m., the Enforcement Team established surveillance around BLANDON's suspected residence on North Arrowhead Avenue in San Bernardino.

9. At approximately 8:30 a.m., the Enforcement Team saw a male individual, who they identified as BLANDON, exit the residence. BLANDON got into the driver's seat of a black Toyota Camry (the "Camry") parked on the grass in front of the residence and departed the residence heading southbound on Arrowhead Avenue.

10. ERO Officer Marco Perera followed BLANDON southbound on Arrowhead Avenue. BLANDON turned westbound on West 16th Street and Officer Perera followed behind. Officer Perera activated the emergency equipment in his vehicle and tried to conduct a vehicle stop on BLANDON's Camry.

11. Meanwhile, HSI Special Agent Elijah Mejia, who was positioned West of BLANDON's Camry on 16th Street, saw the Camry, activated the emergency equipment on his vehicle, and positioned his vehicle in front of the Camry to block off BLANDON's direction of travel.

12. At that point, BLANDON temporarily stopped his vehicle. Moments later, however, BLANDON reversed his Camry and slammed into Officer Perera's vehicle.

13. Around that time, HSI Special Agent Tomaselli drove up behind Officer Perera's vehicle with his emergency equipment activated and positioned his vehicle to the front left of BLANDON's Camry. Agent Tomaselli positioned his vehicle approximately five feet to the left of the Camry to "box in" BLANDON.

14. BLANDON then drove the Camry forward into the front passenger side tire area of Agent Tomaselli's vehicle. As shown in the photos below, BLANDON's Camry and Agent Tomaselli's vehicle were stuck together from the collision.

  

15. After his vehicle was struck by BLANDON's Camry, Agent Tomaselli exited the vehicle and announced "police." Officer Perera also exited his vehicle and announced "immigration" in Spanish as he approached the Camry. BLANDON rolled down the window a few inches and said, "What"? Officer Perera repeated the announcement in Spanish and told BLANDON to exit the car in Spanish. BLANDON then rolled up the window.

16.  Officer Perera used the glass break on his knife to puncture a hole in the rear driver-side window of BLANDON's Camry to gain access to the front driver-side door lock.  After Officer Perera punctured the window, BLANDON exited the Camry and was arrested without further incident.

### IV.  CONCLUSION

17.  For all of the reasons described above, there is probable cause to believe that BLANDON committed a violation of 18 U.S.C. § 111(a)(1), (b): Assaulting, Resisting, or Impeding a Federal Officer Using a Dangerous or Deadly Weapon.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __5th__ day of
September 2025.

_____
HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE