CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
AYAH A. SARSOUR (Bar No. 340280)
(E-Mail: Ayah_Sarsour@fd.org)
Deputy Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
JOSEPH BLANDON-SAAVEDRA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSEPH BLANDON-SAAVEDRA<br>Defendant. | Case No. 5:25-cr-00310-KK-1<br><br>**DECLARATION IN SUPPORT OF DEFENDANT'S** |

I am the attorney for Joseph Blandon-Saavedra. Provided below is my declaration. I am a Deputy Federal Public Defender at the Federal Public Defender for the Central District of California. The below declaration is offered under penalty of perjury.

*/s/ Ayah A. Sarsour* — October 20, 2025

Ayah A. Sarsour
Deputy Federal Public Defender
Attorney for Defendant
Joseph Blandon-Saavedra

DATE

**DECLARATION OF AYAH A. SARSOUR**

I, Ayah A. Sarsour declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California, and I am admitted to practice in this Court.

2. On Friday, October 17, 2025, my office contacted approximately 19 Spanish-language certified interpreters, requesting: "the assistance of a Spanish-speaking interpreter at the High Desert Immigration Detention Center in Adelanto, CA. We are requesting assistance for a half day from either time: 8:00am - 12:00pm, 12:00 pm - 4:00 pm, or 4:00pm - 8:00pm. We are available any day of the week beginning today, October 17, 2025, until Sunday, October 26, 2025. Our office pays round-trip mileage if it exceeds 30 miles one way. We do not pay for travel time." *See* Exhibit A.

3. On Saturday, October 19, 2025, at approximately 8:05 a.m., Supervising Officer I. Palacios from the Adelanto facility placed a call from to my colleague, Deputy Public Defender Chad Pennington, on his office line and left a voicemail. The voicemail was subsequently forwarded to Mr. Pennington's email. At approximately 8:23 a.m., Mr. Pennington and I returned the call and spoke with Supervising Officer Palacios at the Adelanto ICE Processing Center. During the conversation, Supervising Officer Palacios informed us that the facility requires at least three days' advance notice to approve an interpreter, even if counsel provides one, and that the clearance process for entry could take up to three days. He further stated that he would email us the facility's full policies and procedures. *See* Ex. B. Those policies as stated included the three day clearance requirement for non-attorney staff and that a Court order was needed to bring electronic devices into the facility. See id. ("You are allowed to bring

in printed material for reference, notebooks, pad, pens, pencils. However, electronics are not allowed unless you have a specific court order stating the need for such electronic devices. For interpreter services, as they do not have a state bar card, they will need prior clearance. We ask that we are notified *three business* days in advance of the interpreter services to allow proper clearance and notifications to be made. We require their full name, copy of an ID, and who they will see that day. We will run checks on the individual and provide you and the GEO staff notification of the approval.").

4. As of Sunday, October 20, 2025, at 9:00 a.m., we have been unable to obtain a Spanish language court-certified interrupter to travel to the Adelanto Immigration Detention Center. *See* Exhibit A.

5. On Friday, October 17, 2025, at approximately 3:36 p.m., my colleague and I, DFPD Chad Pennington, attempted a visit of our client at Adelanto, but turned back when the GPS stated the travel time would exceed two hours and twenty minutes one way.

6. On Sunday, October 19, 2025, at approximately 10:30 a.m., I left my office and arrived at 12:09 p.m., at the Adelanto Detention Center at 10400 Rancho Rd., Adelanto, CA 92301. The purpose of the visit was to attempt a legal visit with my client, Joseph Blandon-Saavedra, and to attempt to use a translation application to interact with the client because no certified Spanish-language interpreters were available to join me at the facility. Upon arrival I was asked if I had a "G-28" form, which I did not. The front clerk asked for my bar credentials and to sit in a waiting area while my request was processed. At approximately 12:50 p.m., I was allowed admission into the facility and permitted to a legal visit with my client.

7. I am not fluent in the Spanish language.

8. I was permitted to bring my case file and electronic devices into the facility.

9. During the visit, I was unable to effectively communicate with Mr. Blandon-Saavedra due to the language barrier. The translation application would not facilitate proper or full communication.

10. I attempted to conduct a discovery review with Mr. Blandon-Saavedra by showing him photographs and videos. However, this effort was unsuccessful because I could not effectively communicate with him.

11. During this discovery review phase of the client visit, the translation applications were ineffective and caused further confusion.

12. During the visit, Mr. Blandon-Saavedra wrote me a letter in Spanish. Once I returned to my vehicle and had access to the internet on my phone, I attempted to translate the letter and understand his concerns using a translation application. I was unable to respond to those concerns during the visit, as doing so would have required restarting the entire visitation process.

13. From the letter, I believe Mr. Blandon-Saavedra has serious and understandable concerns regarding his current legal representation and his ability to communicate effectively with counsel. His letter indicated that he was placed in solitary confinement at the Adelanto facility the night before (October 16, 2025) his Court appearance on Friday October 17, 2025, at 10:00 p.m. That night, he spent the night in a cold, small room, and he did not have a bed. He stated he was not removed from the solitary cell until 9:00 a.m. the day of the October 17, 2025, hearing. He stated through the letter that he cannot write letters to his attorneys or place phone calls to his attorneys because he needs money to do so. Mr. Blandon-Saavedra stated he was upset because he cannot communicate with me. He also explained that he was in physical pain and is not getting any help.

14. I also observed the area designated for “no-contact” general public visits. That space is not appropriate for discovery review or confidential

attorney-client communications because the meeting area is not private and is in an open space within the facility.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on October 20, 2025, in Riverside, California.

*/s/ Ayah A. Sarsour*

Ayah A. Sarsour
Deputy Federal Public Defender
Attorney for Defendant
Joseph Blandon-Saavedra